UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

DAMARIS CUEVAS,

                                 Plaintiff,

           -against-

CITY OF NEW YORK, JOHN DOES 1-15 and JANE DOE 1-15,

                              Defendants.

**ANSWER TO COMPLAINT**

Jury Demanded

07 CV 4169 (LAP)

----------------------------------------------------------------------- x

      Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

      1.     Denies the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

      3.     Denies the allegations set forth in paragraph "3" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

      4.     Denies the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refers the Court to the New York City Charter and the

Administrative Code for the relationship between the City and the New York City Police Department.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint which concern unidentified police officers.

7. Denies the allegations set forth in paragraph "7" of the complaint, which concern unidentified police officers and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's knowledge.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff was arrested on or about May 27, 2004 and states that the allegation concerning "scope of employment" is a conclusion of law to which no response is required.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff filed a complaint with the Civilian Complaint Review Board against unidentified police officers.

11. Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "11" of the complaint, which concern unidentified police officers.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint and states that the allegations concerning G.M.L. § 50-K are conclusions of law, rather than averments of fact and accordingly, no response is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff was arrested on May 27, 2004.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. The allegations set forth in paragraph "26" of the complaint are conclusions of law, rather than averments of fact and accordingly, no response is required.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. The allegations set forth in paragraph "28" of the complaint are conclusions of law, rather than averments of fact and accordingly, no response is required.

29. Denies the allegations set forth in paragraph "29" of complaint, except admits that plaintiff purports to seek damages as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

30. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

31. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

32. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

33. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

34. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

35. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials acted reasonably in the proper and lawful exercise of their discretion. As a result, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

36.     To the extent that plaintiff asserts state law clams against defendant City of New York, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

37.     Punitive damages cannot be assessed against the City of New York.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

38.     The actions of any police officers were justified by probable cause and/or reasonable suspicion.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 19, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendant City of New York
                100 Church Street
                New York, New York 10007
                (212) 442-8600

By: _____
                Sabrina Tann (ST 2552)
                Assistant Corporation Counsel

To:  Warren S. Goodman, Esq.
     138 Chatsworth Ave
     Larchmont, New York  10538
     Fax:  914-833-2848
     (By ECF and First Class Mail)

07 CV 4169 (LAP)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAMARIS CUEVAS,

          Plaintiff,

-against-

CITY OF NEW YORK, JOHN DOES 1-15 and JANE DOE 1-15,

          Defendants.

---

### ANSWER TO COMPLAINT

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
Attorney for Defendant City of New York
100 Church Street
New York, N.Y. 10007

*Of Counsel: Sabrina Tann*
*Tel: (212) 442-8600*
*NYCLIS No. 2007-030257*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................, 200......*

*................................................................ Esq.*

*Attorney for..........................................................*